# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| ROBERT LYNCH, | ) |
|           Plaintiff | ) |
| v. | )    No. 2:11cv70-DBH |
| JOAN L. CHRISTIE, et al., | ) |
|           Defendants | ) |

## PROCEDURAL ORDER

The Clerk shall schedule oral argument on the two pending motions to dismiss.

I **Direct** counsel's attention to the following two issues in particular on the special motion to dismiss under 14 M.R.S.A. § 556:

1. ***What standard is the court to apply in reviewing the pleading and affidavits?***

In Morse Brothers, Inc. v. Webster, 772 A.2d 842, 848-49 (Me. 2001), the Maine Law Court said that the standard resembles summary judgment, but also said that the trial court must view the evidence most favorably to the moving party. The latter is contrary to summary judgment practice in federal court, and commentators have called it a "converse summary judgment-like standard." John G. Osborn & Jeffrey A. Thaler, *Feature: Maine's Anti-SLAPP Law: Special Protection Against Improper Lawsuits Targeting Free Speech and Petitioning*, 23 Maine Bar J. 32, 37 (2008). In the face of conflicting admissible factual accounts, would granting judgment to the defendant based upon the

defendant's version (*i.e.*, most favorably to the moving party in Morse Brothers' terms) interfere with the constitutional right to jury trial as it applies in federal court? See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2303, at 104 (3d ed. 2008) ("clear that federal law determines whether there is a right to a jury trial in a case involving state law that has been brought in federal court, and that in such a circumstance, state law is wholly irrelevant"). Although the First Circuit in Godin v. Schencks held that section 556 applies in federal court, it also recognized potential jury trial issues if a judge were called upon to resolve a disputed material issue of fact. 629 F.3d 79, 90 n.18 (1st Cir. 2010).

In Maietta Construction, Inc. v. Wainwright, 847 A.2d 1169, 1173 (Me. 2004), the Maine Law Court appeared to conclude that the trial court has *discretion* in its review of the evidence: "Because this evidence is viewed most favorably to the moving party, it cannot be said that the trial court exceeded the bounds of its discretion by holding that there was enough evidence to conclude that there was 'arguably a legitimate basis for Defendant Wainwright to bring his concerns to the attention of the City of South Portland and to the press.'" This too appears to be inconsistent with summary judgment practice in federal court.

Alternatively, in Morse Brothers, the Maine Law Court said that the trial court's legal conclusion "must be supported by pleadings and evidence that *demonstrate clearly* that [the petitioning activity] was 'devoid of any reasonable factual support or any arguable basis in law.'" Morse Bros., 772 A.2d at 850 (emphasis added). Is that different from a converse summary judgment-like

2

standard and does it permit a court in some cases not to be bound to dismiss merely because of a defendant's sworn statement?

In Schelling v. Lindell, 942 A.2d 1226, 1228 (Me. 2008), the Maine Law Court said that the standard was that the plaintiff must "produce prima facie evidence" (there referring to the actual injury requirement). How does that reconcile with Morse Brothers? That is also the standard used in the California case cited favorably in Morse Brothers for adopting the "summary judgment" standard, namely, Church of Scientology v. Wollersheim, 49 Cal. Rptr. 2d 620 (Cal. Ct. App. 1996). There, the California court said that the plaintiff must make "a prima facie case"—"a prima facie showing of facts which would, if proved at trial, support a judgment in plaintiff's favor." Id. at 631. It must be a "reasonable probability" and "[i]n order to preserve the plaintiff's right to a jury trial the court's determination of the motion cannot involve a weighing of the evidence." Id. at 636. Likewise, in the Rhode Island case the Maine Law Court cited, the Rhode Island court used a conventional summary judgment approach, Hometown Properties, Inc. v. Fleming, 680 A.2d 56, 64 (R.I. 1996) (there the defendant prevailed because the plaintiff produced no admissible evidence).

In the Massachusetts case the Maine Law Court cited favorably in support of a summary judgment standard, the court used the following standard: the burden is on the plaintiff to "make a sufficient showing to permit the court to reasonably conclude that the defendant's petitioning activities were not immunized from liability under the First Amendment because: (1) the defendant's administrative or judicial claims were devoid of reasonable factual

3

support, or, if so supportable, lacked any cognizable basis in law for their assertion; . . . ." Duracraft Corp. v. Holmes Prods. Corp., 691 N.E.2d 935, 942 n.16 (Mass. 1998). (Morse Brothers quotes the Massachusetts court as having adopted its standard from Protect Our Mountain Environment, Inc. v. District Court, 677 P.2d 1361 (Colo. 1984) (POME). POME was a Colorado decision made in the absence of any state statute.) Some Massachusetts commentators say that the Massachusetts standard is like that of a motion for preliminary injunction and "the plaintiff must offer a preponderance of evidence that the claim against him was devoid of reasonable legal or factual support. If the plaintiff is unable to make this showing up front, then the case is at an end. But if the heightened overlay of the Anti-SLAPP statute is met, the case can move forward." Richard J. Yurko & Shannon C. Choy, *Legal Analysis: Reconciling the Anti-SLAPP Statute with Abuse of Process and other Litigation-Based Torts*, 51 Boston Bar J. 15, 18 (2007). (I observe that as among these various states the Massachusetts statute appears closest to Maine's statute, and the Maine Law Court has called it "nearly identical." Morse Bros., 772 A.2d at 848).

The Maine Law Court currently has under advisement a case that raises section 556 issues, Malenko v. Campbell, No. 10-479 (Me. argued May 10, 2011). Counsel should watch for a decision and be prepared to address its significance at oral argument.

## 2. *If the special motion is denied, does the anti-SLAPP statute have any ongoing effect in the litigation, as at summary judgment or jury trial?*

If the court determines that dismissal is inappropriate in light of conflicting evidence and jury trial rights, can the issue nevertheless continue to be pursued at a later stage? (Compare the defense of qualified immunity in federal court, which can be advanced by motion and if unsuccessful can still be advanced at jury trial.) That would help make this preliminary stage more closely "resemble" summary judgment. There seems to be no language in the statute or the caselaw that suggests that any such effect is contemplated. On the other hand, some Massachusetts commentators have suggested that the Massachusetts anti-SLAPP statute actually alters the nature of common law litigation torts and has the substantive effect of adding a new element to the tort of abuse of process. Yurko & Choy, *supra*, at 17-19.

**SO ORDERED.**

**DATED THIS 12TH DAY OF JULY, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**