UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT P. LYNCH,<br><br>        Plaintiff,<br><br>v.<br><br>JOAN L. CHRISTIE,<br>POSITIVE DESIGN, INC., and<br>STEVEN SCHWARTZ,<br><br>        Defendants. | Civil Action<br>Docket No. 2:11-70-DBH |

**PLAINTIFF'S OBJECTION TO DEFENDANT JOAN L. CHRISTIE'S MOTION TO STAY DISCOVERY**

NOW COMES Plaintiff Robert P. Lynch ("Dr. Lynch") by his attorneys, Preti Flaherty Beliveau & Pachios, LLP, and objects to Defendant Joan L. Christie's ("Defendant's" or "Christie's") Motion to Stay Proceedings, Including Discovery, Pending Appeal of this Court's decision on her Motion to Dismiss. In support of this Objection, Plaintiff states as follows.

**I.      The Motion to Stay Should Be Denied**

Maine's anti-SLAPP statute, 14 M.R.S.A. § 556, provides for a stay of discovery pending review of a special motion to dismiss. However, the court may choose to order that certain discovery be conducted. *Id.* Once the special motion to dismiss is ruled upon, the discovery stay is lifted. Consequently, in the present case, there is no stay of discovery currently in place. Against this backdrop, Defendant Christie now moves for a stay of all proceedings, including discovery, pending her interlocutory appeal of this Court's decision on the special motion to dismiss.

1

An interlocutory appeal such as Christie's does not automatically warrant a stay of discovery, and Christie has made no legal argument that such a stay is mandatory. Christie argues in the alternative that a discretionary stay of discovery should be granted. She notes that the anti-SLAPP statute provides defendants of meritless lawsuits with a procedural mechanism, the special motion to dismiss, "'designed to minimize the litigation costs associated with the defense of such meritless suits.'" Defendant Christie's Motion to Stay at 3, citing *Schelling v. Lindell*, 2008 ME 59, ¶ 6, 942 A.2d 1226, 1229 (Me. 2008). This Court has already decided in the September 7, 2011 Order that this is not a meritless lawsuit. Rather, this Court concluded:

> Lynch has made a prima facie case that the evidence demonstrates clearly that Christie's statements were devoid of any reasonable factual support and that Lynch has made a sufficient showing to permit the court reasonably to conclude that Christie's petitioning activities were devoid of reasonable factual support.

September 7, 2011 Decision and Order on Motions to Dismiss Amended Complaint at 12 (citations omitted). Thus, there is "no inconsistency here between the interlocutory appeal and proceeding toward final resolution of the merits in the trial court." *See Pharm. Care Mgmt. Ass'n v. Rowe*, 332 F. Supp. 2d 258, 260 (D. Me. 2004). It is true that if Christie is successful at the appellate level that she may not need to proceed to trial. However, nothing in the anti-SLAPP statute prevents the trial court from permitting discovery—either while the motion itself is pending or while an appeal is in process. Plaintiff Lynch should be permitted to continue discovery pending the appeal.

## II. Alternatively, the Motion to Stay Should be Limited to Christie

Christie moves for a stay of all proceedings in the present action, and yet she is not the only defendant in this case. Defendants Steven Schwartz and Positive Design, Inc. did not join Christie's Special Motion to Dismiss, and are not parties to the appeal. Plaintiff Dr. Lynch and

Defendants Schwartz and Positive Design, Inc. should not be forced to postpone, at great length, discovery toward each other simply as a result of Christie's appeal.  Whether or not Christie succeeds at the appellate level has no bearing on Plaintiff's claim against the remaining defendants.  Plaintiff is not suggesting at this juncture that the claims be subject to separate trials; Plaintiff is suggesting that delaying discovery with the remaining defendants will serve to deprive the parties of witnesses' recollection of the facts.  With the passing days, events grow dimmer in memory, and facts are forgotten.  The Plaintiff should not be deprived of seeking discovery against Defendants Schwartz and Positive Design, Inc. as a consequence of Christie's appeal.

### III.    Conclusion

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant Christie's Motion to Stay Proceedings, Including Discovery, Pending Appeal.  In the alternative, should this Court decide to grant a stay, Plaintiff respectfully request that such a stay and/or injunction be limited to discovery between Lynch and Christie only, but not enjoin discovery between Lynch and Defendants Positive Design, Inc. and Steven Schwartz.

Dated at Portland, Maine this 27th day of October, 2011.

/s/ Holly R. Jones
Daniel Rapaport, Esq., Bar No. 1253
Holly R. Jones, Esq., Bar No. 9868
Adam J. Shub, Esq., Bar No. 4708
*Attorneys for Plaintiff Robert P. Lynch*

PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, Maine  04112-9546

3

2665220.1

T: (207) 791-3000
F: (207) 791-3111
drapaport@preti.com
hjones@preti.com
ashub@preti.com

Case 2:11-cv-00070-JHR Document 51 Filed 10/27/11 Page 4 of 5 PageID #: 401

2665220.1

**CERTIFICATE OF SERVICE**

I, Holly R. Jones, attorney for Plaintiff Robert P. Lynch, hereby certify that on this day, I electronically filed Plaintiff's Objection to Defendant Christie's Motion to Stay Proceedings, Including Discovery, in this matter using the ECF filing system, which will provide notice to all registered counsel of record.

Dated at Portland, Maine this 27th day of October, 2011.

/s/ Holly R. Jones
Daniel Rapaport, Esq., Bar No. 1253
Holly R. Jones, Esq., Bar No. 9868
Adam J. Shub, Esq., Bar No. 4708
*Attorneys for Plaintiff Robert P. Lynch*

PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, Maine  04112-9546
T: (207) 791-3000
F: (207) 791-3111
drapaport@preti.com
hjones@preti.com
ashub@preti.com

2665220.1