UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT P. LYNCH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-70-DBH |
| | ) | |
| JOAN L. CHRISTIE, et al., | ) | |
| | ) | |
| Defendants | ) | |

### MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR ATTACHMENT

In this action for defamation and wrongful use of civil proceedings, the plaintiff seeks an attachment against the real property of defendant Joan L. Christie in the amount of $1,000,000. I grant the motion, but in a substantially smaller amount.

### I. Applicable Legal Standard

A party may move for attachment in this court "in accordance with state law and procedure as would be applicable had the action been maintained in the courts of the State of Maine[.]" Local Rule 64. "An attachment of property shall be sought by filing with the complaint a motion for approval of the attachment. The motion shall be supported by affidavit . . . meeting the requirements set forth in subdivision (i) of this rule." Me. R. Civ. P. 4A(c). Subdivision (i) requires the affidavit to "set forth specific facts sufficient to warrant the required findings[.]" *Id*. (i).

Under Maine law, attachment and attachment on trustee process are available only for a specified amount, as approved by order of court, and only upon a finding that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal

1

to or greater than the aggregate sum of the attachment and any liability insurance, bond, or other security and attached property or credits shown by the defendant to be available to satisfy the judgment.[1]  *Id*. (c); Maine R. Civ. P. 4B(c).

## II.  Factual Background

The plaintiff relies on affidavits filed in opposition to Christie's motion to dismiss this case as to her to support his recitation of the relevant facts.  I repeat here the relevant portions of the factual background, based on the same affidavits, which was set forth by Judge Hornby in his decision and order denying that motion:

> Lynch is a chiropractor practicing in South Portland[,] Maine. Christie is a resident of Florida, but maintains a second home in Scarborough, Maine.  On June 12, 2009, Christie, aged 77, obtained chiropractic services from Lynch.  She returned for more services on June 15.  The parties disagree on whether she returned on June 17. Christie demonstrated unhappiness at the June 12 appointment over a required co-pay for the initial consultation visit, not covered by Medicare insurance.  In late July Christie told friends and then reported to the South Portland Police Department that Lynch had sexually assaulted her in his office on June 15.  The police conducted an investigation.  She also made the accusation to the Maine Board of Chiropractic Licensure. On December 3, 2009, the Board of Chiropractic Licensure voted to dismiss Christie's complaint for "Lack of or insufficient evidence of any violation of law or rule."  Later that month, Christie filed a civil lawsuit in this federal court against Lynch, claiming assault and battery, false imprisonment, and intentional infliction of emotional distress, all based on the alleged sexual assault.  In January 2010, the Cumberland County District Attorney . . . declin[ed] prosecution[.]  Discovery was completed in the then-pending federal civil case and it was placed on an October 4, 2010, trial list.  On September 3, 2010, by stipulation, Christie dismissed her lawsuit against Lynch voluntarily, *with* prejudice and without costs.
>
> In the succeeding months, Christie engaged the two other defendants in this lawsuit to register and develop content for a website that went live on January 6, 2011.  She published on it an entry, "South Portland Maine Chiropractor—One Woman's Story of Sexual Abuse," with statements about the alleged sexual assault by Lynch, but without revealing Lynch's name.  She also published Facebook page entries to the same effect.  In February 2011 in response to a reader comment, the website published

---

[1] Christie has made no such showing.

> an entry stating it would give the name of the chiropractor in response to a contact form and it did reveal Lynch's name to at least one of his patients who inquired. Another patient saw the website and asked Lynch who the chiropractor was. Lynch felt obliged to respond honestly to his patient and disclose that it was he. Lynch was so distressed by the accusations that he sought professional counseling and expended money for that purpose as well as attorney fees in defending the civil lawsuit before Christie dismissed it.

Decision and Order on Motions to Dismiss Amended Complaint (ECF No. 43) at 2-4 (citations omitted; emphasis in original).

### III.  Discussion

Judge Hornby concluded that "Lynch is highly likely to persuade a jury that Christie fabricated her story." *Id*. at 11. This satisfies the "more likely than not" portion of the legal test for attachment under Maine law. The remaining issue, and the one to which the parties devote most of their energies, is that of the amount of the attachment to which Lynch is entitled.

Judge Hornby also determined that Lynch has demonstrated a reasonably certain monetary valuation of the injury he has suffered. *Id*. at 13. This determination was made in the light of the fact that, under the statute at issue in connection with the motion to dismiss, "[p]resumed damages . . . will not suffice[]" and that "mental suffering[] and embarrassment are not legally sufficient." *Id*. Specifically, he found that "to be falsely accused of sexual assault, an accusation of criminal behavior destructive of family relationships and professional standing and privileges" meets the standard of serious mental distress amounting to actual injury that is compensable under Maine's anti-SLAPP Act. *Id*. at 13-14. Furthermore, proof of actual injury may not be required in a defamation case under Maine law. *See Marston v. Newavom*, 629 A.2d 587, 593 (Me. 1993).

Thus, the defendant's argument that the plaintiff cannot reasonably establish that he has suffered compensable damages in a specific amount, other than the $290 he spent for counseling

after the website published the defendant's allegedly defamatory narrative, and, thus, fails to meet the standard for an attachment, Objection of the Defendant, Joan L. Christie, to Plaintiff's Motion for Attachment (ECF No. 56) at 5-6, must fail.  In addition, she ignores the fact that the plaintiff also asserts a claim for wrongful use of civil proceedings, for which he may also be entitled to an attachment based on emotional distress not limited to the period after the website was established.  Redacted First Amended Complaint and Demand for Jury Trial (ECF No. 19) ¶¶ 103-07.

The plaintiff suggests that, because "this is unquestionably a punitive damages case," his request for an attachment in the amount of $1 million is fully justified.  Plaintiff Robert P. Lynch's Reply to Defendant's Objection to Plaintiff's Motion for Attachment (ECF No. 57) at 5.  That may be so, but the fact also remains that pre-judgment attachments in such an amount are uncommon in personal injury cases in Maine.  *See, e.g., Vogt v. Churchill*, 679 A.2d 522, 524 (Me. 1996) (affirming $100,000 attachment in claim for intentional infliction of emotional distress); *Sanborn v. Prue*, 757 F.Supp.2d 42, 46 (D. Me. 2011) ($150,000 attachment in claim of sexual abuse by grandfather); *Marston, supra,* 629 A.2d at 593 (affirming damages award of $50,000 for injury to reputation).  I conclude that attachment in the amount of $100,000 is reasonable under the circumstances of this case.

### IV. Conclusion

Accordingly, the motion for attachment is **GRANTED**, but only in the amount of $100,000.00.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 21st day of June, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge