UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ROBERT P. LYNCH,           ) | |
|                                           ) | |
|        PLAINTIFF     ) | |
|                                           ) | |
| v.                                     ) | No. 2:11cv70-DBH |
|                                           ) | |
| JOAN L. CHRISTIE, ET AL.,  ) | |
|                                           ) | |
|        DEFENDANTS ) | |

**REPORT OF PRE-FILING CONFERENCE UNDER LOCAL RULE 56**

The defendant Christie plans to file a motion for summary judgment on the two substantive counts of the complaint, *i.e.*, defamation and wrongful use of civil proceedings. I asked about the impact of the First Circuit remand of the anti-SLAPP dismissal motion following the recent Law Court decision changing the burden of proof standards in Nader v. Maine Democratic Party, 41 A.3d 551 (Me. 2012). We also discussed the role of the other two defendants Schwartz and Positive Design, Inc. in the motion practice.

It appears that the defendant Christie and the plaintiff Lynch can present a joint record for summary judgment purposes.

On the defamation claim, there is no dispute about the Christie website contents, and there is no dispute about what occurred in the two incidents of identifying (or self-identifying) Lynch (because depositions on these incidents were not taken, the plaintiff will present affidavits); the question will be primarily one of law. However, the plaintiff believes that the defamation count

also includes things that the defendant Christie said to others. Christie's lawyers professed to be unaware of this claim and maintain that it has not been properly pleaded.

On the wrongful use of civil proceedings claim, the defendant Christie is making a <u>Celotex</u>-type argument, that the plaintiff Lynch has no evidence that Christie filed the earlier civil lawsuit for an improper purpose. The plaintiff Lynch claims that there is sufficient circumstantial evidence from which a factfinder could conclude that Christie's purpose was improper.

The defendant Christie will also address the anti-SLAPP issue in her motion. Discovery is now complete and it appears therefore that whether the motion is characterized as to dismiss or for summary judgment will make no practical difference. The defendant Christie plans to present discovery evidence that she says demonstrates no emotional distress damages on the part of the plaintiff Lynch. The plaintiff says that there is evidence of emotional distress damages.

The defendants Schwartz and Positive Design, Inc. may resist Christie's motion for summary judgment on the defamation claim, but cannot determine that until they see what it encompasses. They may also join in the defendant Christie's claim that the portion of the defamation claim based on Christie's statements has not been properly pleaded.

The following deadlines were established by agreement:

August 31, 2012: joint filing of the summary judgment record (the plaintiff's lawyer will earlier identify to opposing counsel where in the First Amended Complaint she pleaded the other instances of defamation).

September 19, 2012: the defendant Christie's brief is due.

October 10, 2012: the plaintiff's response is due and the defendants Schwartz and Positive Design, Inc.'s response is due if they take a position on Christie's motion for summary judgment.

October 24, 2012: the defendant Christie's reply is due and, if the defendants Schwartz and Positive Design, Inc. are taking a position on the plaintiff's position about the pleading of the other defamation claim, their response is due.

**SO ORDERED.**

**DATED THIS 13TH DAY OF AUGUST, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**